**No. 60798.**—F. B. Vandegrift & Co. v. United States, protest 145619–K (Philadelphia).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rates applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in the schedule included in the stipulation.

BEFORE THE SECOND DIVISION, MAY 29, 1957

**No. 60799.**—Printrade Machinery Corp. and Trans-Marine Shipping Co. v. United States, protests 198398–K, 199013–K, and 209588–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of bronzing and dusting machines and parts thereof the same in all material respects as those the subject of *Trans Marine Shipping Co.* and *Printrade Machinery Corp.* v. *United States* (37 Cust. Ct. 192, C. D. 1822), the claim of the plaintiffs was sustained.